# CLOUDIGY LAW
P ◊ L ◊ L ◊ C
Intellectual Property & Technology Law



8300 Greensboro Drive, Suite 1250
McLean, VA 22102
(866) 531-6660 • (703) 436-2033
Fax: (703) 436-2268

October 27, 2014

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/30/14
```

**VIA FASCIMILE**

The Honorable Colleen McMahon
U.S. District Court, Southern District of New York
500 Pearl Street, Room 17C
New York, NY 10007

Re: **Small Business Bodyguard, Inc. v. House of Moxie, Inc. et al., No. 14-cv-7170 (Judge McMahon)**

Your Honor:

We write in response to SBBI counsel's October 24, 2014 letter informing the Court that the reference to U.S. Copyright Office Case #1-969366411, rather than registration number SR 749243, was a "scrivener's error." This letter also attaches an email from a Copyright Registration Specialist dated October 17, 2014, a "preview copy of the registration certificate" for a Copyright, and an undated screenshot reflecting a search of the Copyright Office's public records. SBBI's counsel carefully notes that the *effective date* of registration for SR 749-243 is July 25, 2013,[1] but does not inform the Court of the date the Copyright Office actually approved application Case #1-969366411 for registration.

Using these materials, SBBI seeks leave to amend its Complaint and implicitly asserts that it has standing to bring a copyright infringement claim because it had a copyright registration on the day it filed its Complaint, September 5, 2014. SBBI also makes this representation in a recent filing. *See* Dkt. No. 17 at 10-11, n.2, Mem. Pl. Opp. to Def. Motion to Dismiss ("At the time of filing of the Complaint in this action, SBBI's copyright was being modified to reflect the assignment that was transacted by the Agreement, and thus was listed as a case number, but now bears a registration number.") But counsel for House of Moxie checked the Copyright Office records after receiving the Complaint—

---

[1] The effective date of registration for a copyright is the date a complete application is received in the Office. 37 C.F.R. § 202.4; 17 U.S.C. § 410(d). This does not mean that an applicant had standing to sue as of the time period in which a copyright application has been filed with the Copyright Office but not registered.

*Kandis Koustenis*                kandis.koustenis@cloudigylaw.com
www.CloudigyLaw.com

almost on a daily basis—to ensure that it had a Rule 11 basis to assert that SBBI lacked standing to bring its copyright infringement claim because it lacked a registered copyright. As of September 30, 2014, when House of Moxie filed its motion to dismiss this claim, the Sound Recording registration SBBI now asserts against House of Moxie did not appear in the Public Catalog as a registered work. SBBI's recent correspondence with the Copyright Office's Registration Specialists confirms that SBBI obtained a copyright registration on or about October 7, 2014—well after the Complaint filing date. *See* Dkt. No. 18, Ex. D ("Dear Rachel Rodgers: . . . Your application has been corrected and registered as SR 00074943.")

Even if this subsequent registration is accepted as support for the September 5, 2014 Complaint, it cannot cure all of the defects pointed out in HOM's motion to dismiss. And sound recording Registration No. SR 749243 contains different Author, Title, Claimant, and Work description information than the copyright application associated with Copyright Office Case #1-969366411. *See* Ex. A, attached (copyright application). These significant differences cannot be explained by an assignment of rights to SBBI, which would not affect the identity of the copyright Authors and Claimants identified in the Registration for a particular work. Rather, a separate Assignment would be recorded in the Copyright Office records. *See* 17 U.S.C. § 205 (Recordation of Transfers and Other Documents).

House of Moxie recognizes the Court's discretion to permit SBBI to amend its Complaint to include this recent registration, but does not want the Court to be misled by SBBI's suggestion that this registration was in existence on September 5, 2014, when the Complaint was filed. Counsel for House of Moxie already discussed this issue with counsel for SBBI and requested a copy of the Copyright Office deposit and any additional information that would support SBBI's representations to the Court in its opposition brief. Should further evidence in this case confirm House of Moxie's understanding of the registration timeline relating to application Case #1-969366411, it reserves the right to seek sanctions, including attorneys fees relating to the time spent briefing the motion to dismiss and preparing this response to SBBI's October 24, 2014 letter.

Sincerely,

/s/ *Kandis M. Koustenis*              /s/ *Antigone G. Peyton*

Kandis M. Koustenis                    Antigone G. Peyton

*Counsel for Defendant House of Moxie, Inc.*

cc:   Benjamin S. Thompson, Thompson Bukher LLP (via e-mail w/ attachment)

Tim Bukher, Thompson Bukher LLP (via e-mail w/ attachment)

Norris Wolff, Kleinberg, Kaplan, Wolff, Cohen, PC (via e-mail w/ attachment)

David Schechter, Kleinberg, Kaplan, Wolff, Cohen, PC (via e-mail w/ attachment)