UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SMALL BUSINESS BODYGUARD INC., | |
| *Plaintiff/Counterclaim Defendant,* | **Civ. Action No. 14-CV-7170**<br>Judge Colleen McMahon<br>Magistrate Judge Michael H. Dolinger |
| – against – | |
| HOUSE OF MOXIE, INC., | ECF Case |
| *Defendant/Counterclaim Plaintiff,* | |
| – against – | |
| RACHEL RODGERS LAW OFFICE, PC and RACHEL RODGERS, | |
| *Additional Counterclaim Defendants.* | |

**PLAINTIFF'S MOTION FOR LEAVE TO AMEND AND SUPPLEMENT
THE COMPLAINT**

THOMPSON BUKHER LLP
369 Lexington Avenue
Suite 327
New York, New York 10017
(212) 920-6050

*Attorneys for Plaintiff and
Counterclaim Defendants*

# Table of Contents

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS ................................................................................................... 1

ARGUMENT ........................................................................................................................ 7

    A.    First Cause of Action (Breach of Contract) – Not Amended .......................... 8

    B.    Second Cause of Action (Breach of Contract) – Supplemental Claim ........... 8

    C.    Third Cause of Action (Unjust Enrichment) – Not Amended ........................ 9

    D.    Fourth Cause of Action (Copyright Infringement) – Amended ..................... 9

    E.    Fifth Cause of Action (Copyright Infringement) – Amended ...................... 11

    F.    Sixth Cause of Action (Defamation) – Supplemental Claim ....................... 12

    G.    Seventh Cause of Action (Declaratory Judgment) – Supplemental Claim ... 12

    H.    Eighth Cause of Action (Common Law Unfair Competition) – Not Amended ............ 13

CONCLUSION ................................................................................................................... 13

# TABLE OF AUTHORITIES

**Cases**

*Bornholdt v. Brady*,
869 F.2d 57 (2d Cir.1989) .................................................................................................. 7

*Campbell v. Nowlin*,
1993 WL 205127 (S.D. N.Y. 1993) ................................................................................. 10

*Computer Assoc's Int'l v. Altai, Inc.*,
775 F.Supp. 554 (E.D.N.Y.1991) .................................................................................... 10

*Demetriades v. Kaufmann*,
680 F.Supp. 661 (S.D.N.Y.1988) .................................................................................... 10

*Foman v. Davis*,
371 U.S. 178 (1962) ........................................................................................................... 7

*Frankel v. Stein and Day, Inc.*,
470 F. Supp. 209 (S.D. N.Y. 1979). ................................................................................ 10

*Halbert v. City of Sherman*,
33 F.3d 526 (5th Cir. 1994). .............................................................................................. 8

*J. Racenstein & Co., Inc. v. Wallace*,
1997 WL 605107 (S.D.N.Y. 1997) .................................................................................. 10

*LaSalvia v. United Dairymen*,
804 F.2d 1113 (9th Cir.1986) ............................................................................................ 7

*Middle Atlantic Utilities Co. v. S. M. W. Development Corp.*,
392 F.2d 380 (2d Cir. 1968) ............................................................................................... 8

*Milanese v. Rust-Oleum Corp.*,
244 F.3d 104 (2d Cir. 2001) .............................................................................................. 7

*Twisted Records v. Rauhofer*,
2005 WL 517328 (S.D. N.Y. 2005) ................................................................................ 10

**Statutes**

Fed. R. Civ. P. 15 ........................................................................................................... 1, 7

Fed. R. Civ. P. 26 ........................................................................................................................7

Local Civil 26.4 ..........................................................................................................................7

Plaintiff Small Business Bodyguard, Inc. ("**SBBI**") submits this memorandum of law in support of its motion for leave to amend and supplement the Complaint in this action pursuant to Federal Rule of Civil Procedure 15.

## PRELIMINARY STATEMENT

Subsequent to the filing of the initial complaint, HOM has either engaged in violative conduct, or SBBI recently discovered preexisting violative conduct, that necessitates supplement claims by SBBI. In addition, the Court has afforded SBBI leave to amend its copyright infringement cause of action in the initial complaint in order to cure its pleading deficiencies.

Since the commencement of this action—or immediately prior to, but hidden from SBBI's sight—HOM has continued an egregious assault on SBBI's core business and reputation through conduct and acts that could not have been included in the initial complaint. HOM has improperly registered its own copyrights in work that it copied directly from SBBI, and has pervasively defamed, disparaged, and harassed SBBI and its president, Rachel Rodgers, in further breach of the agreement between them and in violation of the law.

HOM cannot claim any prejudice in the Court's decision to grant this motion, as all amended claims arise from the precise set of facts underlying this matter, and are a direct result of HOM's persistent actions intended to cause harm and injury to SBBI.

## STATEMENT OF FACTS

This section sets forth facts specifically related to this motion. A more comprehensive account of the facts of this matter can be found in the proposed amended complaint, annexed to the Affirmation of Benjamin S. Thompson, dated November 7, 2014 (the "**Thompson Aff.**"), at **Exhibit A** (the "A**mended Complaint**"). A "blackline" comparison of the initial Complaint in this action and the Proposed Amended Complaint is also attached to the Thompson Aff. at

**Exhibit B**.

SBBI provides information and resources to entrepreneurs and emerging businesses under the "Small Business Bodyguard" brand (the "**Brand**"). *See* Declaration of Rachel Rodgers, dated November 7, 2014 (the "**Rodgers Dec.**"), ¶ 4. Its products include an e-book, instructional videos and audio recordings, updated lessons, forms, articles and advisory services that assist entrepreneurs and business owners in the fundamental steps of establishing, growing, and protecting the assets of a small business (the "**Product**"). *See id.* at ¶ 5. Purchasers of the Product subscribe to the Small Business Bodyguard informational update list and receive e-mail notices and offers relating to the Products and upcoming sales. *Id.* at ¶ 6.

The Brand and Product were conceived of in the spring of 2013. House of Moxie, Inc. ("**HOM**") and SBBI (f/k/a Rachel Rodgers Consulting Inc.) decided to form a joint venture that would develop, market, and sell the Brand and Product. *Id.* at ¶ 7. On or about May 5, 2013, HOM and SBBI entered into a joint venture agreement, which governed the structure and operations of the Small Business Bodyguard joint venture (the "**JV Agreement**"). *Id.* at ¶ 8. A copy of the JV Agreement is annexed to the Rodgers Dec. at **Exhibit A**.

Registration of the Small Business Bodyguard Copyright

On July 25, 2013, SBBI filed a copyright registration for the Product. *See* Application, annexed to the Rodgers Dec. at **Exhibit B** (the "**Application**"). The Application included as content for registration (i) a ten chapter, 240 page e-book entitled *Small Business Bodyguard*, and (ii) four audio files that were instructional lessons entitled *Small Business Bodyguard Radio, Episodes 1–4*. *Id.* The sound recordings are embedded in the e-book. *See* Rodgers Dec. ¶ 12.

The Application took longer than expected to process, and in or about February 2014, SBBI called the copyright office examiner assigned to the Application to inquire of its status. *Id.*

at ¶ 13.  The parties finally spoke on April 7, 2014, and the copyright office informed SBBI that counsel to HOM had changed the contact information to itself, so that SBBI was no longer receiving communication regarding the Application.  *Id.* at ¶ 14.  SBBI directed communication to HOM's counsel regarding the change that day.  *Id.* at ¶ 15.  HOM's counsel responded on April 8, 2014 that it had changed the contact information with the copyright office, but that SBBI's exclusion was inadvertent.  *Id.* at ¶ 16.

At this point, SBBI and HOM were more than three months into negotiation of SBBI's purchase of HOM's assets in the Brand and Product.  *Id.* at ¶ 17.  SBBI returned its contact information to the Application, and on May 23, 2014, was finally notified of questions the copyright office had regarding the application about work for hire indications, illustrations contained within the e-book, and whether the sound recording and text content were a single product or separate products.  *See* Rodgers Dec. ¶ 18.  The copyright office was profusely apologetic for the delay.  *Id.*

On June 7, 2014, HOM and SBBI entered into an agreement by which HOM transferred all assets and rights in and to any property of the joint venture, including all intellectual property and goodwill (the "**JV Dissolution Agreement**").  *Id.* at ¶ 19.  A copy of the JV Dissolution Agreement is annexed to the Rodgers Dec. at **Exhibit C**.

SBBI continued to make attempts to answer questions the copyright office had, but there was considerable delay on the copyright office's behalf, and a significant communication barrier that frustrated SBBI's processing of the application.  *See* Rodgers Dec. ¶ 21.  In or about early August, SBBI was told by phone that, subject to approval of certain illustrations in the e-book that were being reviewed, the copyright would register with a registration date of July 25, 2013.  *Id.* at ¶ 22.  On August 27, 2014, SBBI, having not heard from the copyright office and facing

infringement by HOM, SBBI notified the copyright office that they would withdraw the illustrations from the claimed copyright content in order to expedite the issuance of the registration. *See* Rodgers Dec. ¶ 23.

On September 5, 2014, SBBI filed the initial complaint in this action. In the initial complaint's copyright infringement claim, SBBI submitted the case number relating to the Application (Case No. 1-969366411) upon the belief that the case number related to an imminent registration in the copyright with an effective date of July 25, 2013, and that this qualified the cause of action.[1]  *Id.* at ¶ 24. On October 7, 2014, the copyright office notified SBBI by email that the copyright had registered, effective July 25, 2013. *See* Registration Email, annexed to the Rodgers Dec. at **Exhibit D**. SBBI then realized that the sound recordings were the only content listed in the registration, communicated to the copyright office the erroneous absence of the e-book in the content listing, and the copyright office confirmed such change was made by email on October 17, 2014. *See* Correction Email, annexed to the Rodgers Dec. at **Exhibit E**.

HOM's Concurrent Registration of Other Small Business Bodyguard Copyrights

Subsequent to HOM's attempted rescission of the JV Dissolution Agreement on August 18, 2014, HOM reproduced SBBI's website, and began selling the Product and exploiting the Brand. *See* Rodgers Dec. ¶ 29. On or about August 28, 2014, HOM registered a copyright (TX 7907164) with the U.S. Copyright Office in the e-book, which all rights in and to the copyright were transferred from HOM to SBBI in the JV Dissolution Agreement, on behalf of HOM, SBBI (under its formerly known as name), Ashley Ambirge (President of HOM), and Rachel Rodgers (President of SBBI). *Id.* at ¶ 30. *See* Second Registration*,* annexed to the Rodgers Dec. at

---

[1] In the rush to file the initial complaint, counsel to SBBI mistook the explanation of the Application to mean there was an existing registration that, for the various reasons outlined above, was in flux, and that the case number reflected the underlying registration.

**Exhibit F**.

On or about August 28, 2014, HOM registered another copyright (TXu 1908648) for the "Small Business Bodyguard Clinic," on behalf of itself, which, upon information and belief, submitted five Small Business Bodyguard instructional lessons plans in printed form that were created during the joint ventures, and all rights in and to this copyright were transferred from HOM to SBBI in the JV Dissolution Agreement (the "**Clinic Copyright**").  *See* Rodgers Dec. ¶ 32; *see also* Clinic Registration*,* annexed to the Rodgers Dec. at **Exhibit G**.

On or about August 28, 2014, HOM registered another copyright (TXu 1908051) for the "Small Business Bodyguard Sales Page," on behalf of itself, which submitted the content on the Sales Page of the SBBI website, which was also used verbatim on the infringing website used by HOM to compete with SBBI, and all rights in and to the copyright were transferred from HOM to SBBI in the JV Dissolution Agreement (the "**Sales Page Copyright**").  *See* Rodgers Dec. ¶ 34; *see also* Clinic Registration*,* annexed to the Rodgers Dec. at **Exhibit H**.

HOM's Disparagement and Defamation of SBBI

Since the filing of the initial complaint in this action, HOM, through its own websites, social media, and otherwise, has made disparaging and defaming remarks about SBBI and its president, Rachel Rodgers.  *See* Rodgers Dec. ¶ 36.  Specifically, between October 20, 2014 and October 26, 2014, HOM posted two articles, *Extortion, Manipulation, Fraud & Deceit: Breaking My Silence*, and *You Can Always Make More Money, But You Can Never Make More Principle*, along with various comments in online forums and on HOM's social media sites.  *See* HOM Disparaging Posts, annexed to the Rodgers Dec. at **Exhibit I**.  In these articles and posts, HOM specifically stated many false statements, including:

- "There are things I've been prohibited from sharing with you . . . that have included varying degrees of what many people might view as extortion,

- manipulation, fraud, and deceit . . . *by someone I know*. And someone you know, too."

- "I'm not sure how many times you've been involved in a federal litigation & lawsuit, but a few things are bound to happen . . . . people out there like me who won't accept this kind of toxic attitude"

*Id.*

HOM also encouraged and facilitated public criticism that specifically focused on disparaging SBBI and Rachel Rodgers, posting constant "updates" to HOM's social media sites pertaining to this matter, including one post that falsely stated:

- "UPDATE: ALL CLAIMS AGAINST HOUSE OF MOXIE OFFICIALLY DISMISSED!!!!!!!!!! ….and now we march forward with the claims of our own."

*Id.* HOM directed its subscribers to a link to its counterclaims, and engaged them in public degradation of SBBI and Rachel Rodgers. *See id.* The instances of such disparagement and defamation provoked, facilitated, and published by HOM on its own websites and other social media website and online forums are so pervasive that they cannot be listed in a practical submission, and HOM has recently been removing these statements from its websites, making them impossible for SBBI to document. Rodgers Dec. ¶ 42.

Subsequent to HOM's disparaging and defamatory remarks, a substantial number of contacts of the SBBI e-mail subscription list, one of the primary assets transferred from HOM to SBBI by the JV Dissolution Agreement, along with others on the list who have not assertively opted out, but will not purchase specifically because of HOM's negative remarks. *Id.* at ¶ 43. HOM maintains a mailing list of over 14,000 people, a Facebook page with over 15,000 members, and a Twitter account with over 12,000 followers. *Id.* at ¶ 44. Many of these subscribers and followers have sent SBBI obscene hate mail due to HOM's disparaging and defamatory remarks. *See* HOM Subscriber Hate Mail, annexed to the Rodgers Dec. at **Exhibit J**.

## ARGUMENT

Leave to amend should be "freely given." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962). A court should not deny a timely motion to amend unless there is evidence of undue delay, undue prejudice to the defendant, bad faith, or the proposed amendment would be futile. *Foman, 371 U.S. at 182; Milanese v. Rust-Oleum Corp.*, 244 F.3d 104, 110 (2d Cir. 2001). None of these factors are present here.

Additionally, Federal Rule of Civil Procedure 15(d) permits a party to move to serve a supplemental pleading, and the district court may grant such a motion, in the exercise of its discretion, upon reasonable notice and upon such terms as may be just. Absent undue delay, bad faith, dilatory tactics, undue prejudice to the party to be served with the proposed pleading, or futility, the motion should be freely granted. *See Foman,* 371 U.S. 178 at 182 (1962). Again, leave to file a supplemental pleading should be freely permitted when the supplemental facts connect it to the original pleading. *See Bornholdt v. Brady*, 869 F.2d 57, 68 (2d Cir.1989); *LaSalvia v. United Dairymen*, 804 F.2d 1113, 1119 (9th Cir.1986), cert. denied, 482 U.S. 928, 107 S.Ct. 3212, 96 L.Ed.2d 699 (1987). Leave is normally granted, especially when the opposing party is not prejudiced by the supplemental pleading. *See Bornholdt*, 869 F.2d at 68; *LaSalvia*, 804 F.2d at 1119.

*First*, HOM cannot complain that the proposed amendment is untimely or unduly delayed. HOM agreed to a November 24, 2014, deadline for the filing of amended pleadings in the Joint Proposed Case Management Plan (Dkt. 32) which was submitted to this Court pursuant to Federal Rule of Civil Procedure 26(f) and Local Civil Rule 26.4. Thus, by its own stipulation, HOM should now be precluded from opposing this motion to amend the complaint since it is being submitted 17 days ahead of the stipulated deadline to amend the pleadings.

Moreover, a motion filed in compliance with a scheduling order deadline is "on its face" timely. *Halbert v. City of Sherman*, 33 F.3d 526, 529 (5th Cir. 1994). In any event, a two-month gap between the filing of the suit and the filing of the first amended complaint is not an "undue delay." *E.g., Middle Atlantic Utilities Co. v. S. M. W. Development Corp.*, 392 F.2d 380, 384 (2d Cir. 1968) (three-year delay from the filing of the initial complaint was inadequate basis for denying a motion to amend).

*Second*, there is no basis for HOM to assert it is unduly prejudiced by the proposed amendments. As explained below, any new allegations and claims in the Amended Complaint arise directly from the facts alleged and claims asserted in the original complaint. Additionally, any supplemental new claims arise from HOM's own conduct after the initiation of this action. To the extent that such new conduct is based on the same nexus of facts and circumstances complained of in this action, it would in fact unduly prejudice SBBI not to supplement the Amended Complaint with claims based on such new conduct. HOM has thus had full and fair notice of the nature of SBBI's claims and the grounds upon which these claims rest.

### A.  First Cause of Action (Breach of Contract) – Not Amended

The First Cause of Action for Breach of Contract in the Amended Complaint is identical to the original complaint's first cause of action which the Court held was adequately pleaded in the Court's Memorandum Decision and Order dated October 31, 2014 ("**Memo and Order**"). Accordingly, inclusion of this claim should be granted as it has not changed from the originally included and upheld claim.

### B.  Second Cause of Action (Breach of Contract) – Supplemental Claim

The Second Cause of Action for Breach of Contract in the Amended Complaint arises out of HOM's conduct which, as pleaded in the Amended Complaint, occurred subsequent to the

filing of this action.  HOM's new conduct, which, as described in the Amended Complaint, constitutes a breach of the anti-disparagement clauses of the JV Dissolution Agreement, relates directly back to HOM's general breaches and repudiation of the JV Dissolution Agreement originally complained of in this matter.  Accordingly, inclusion of this new supplemental claim should be granted as it relates directly back to SBBI's originally upheld claim of breach of contract.

    **C.**    **Third Cause of Action (Unjust Enrichment) – Not Amended**

The Third Cause of Action for Unjust Enrichment in the Amended Complaint is identical to the original complaint's second cause of action which the Court upheld in its Memo and Order.  Accordingly, inclusion of this claim should be granted as it has not changed from the originally included and upheld claim.

    **D.**    **Fourth Cause of Action (Copyright Infringement) – Amended**

The Court's Memo and Order dismissed without prejudice the original complaint's third cause of action for copyright infringement because SBBI failed to allege that it held a validly registered copyright registration in the complaint. The Court noted that, "[s]hould SBBI eventually obtain the necessary copyright registration, it may file a new action or seek leave to amend this one, so dismissal of count 3 is necessarily without prejudice."  Memo and Order at p. 7.

As detailed in the Statement of Facts, *supra*, SBBI has, since the filing of the original complaint, secured a valid copyright registration (Reg. No. SR 749243), which is pleaded in the fourth cause of action of the Amended Complaint.  HOM cannot claim that it would be prejudiced by the Amended Complaint including this claim since an admittedly less-well-pleaded version of the same claim was noticed to HOM as part of the original complaint.

Moreover, a mere two months have passed since the filing of the original complaint, and we have not yet reached the November 24, 2014 deadline for filing amended pleadings as stipulated by the parties in their Joint Proposed Case Management Plan (Dkt. 32).

The law in this Circuit is clear that plaintiffs who receive a copyright registration certificate soon after the filing of a flawed claim based on that copyright are liberally given leave to amend their complaint to allege the newly granted copyright registration and, thereby, remedy their claim. *See Twisted Records v. Rauhofer*, 2005 WL 517328 (S.D. N.Y. 2005) (permitting amendment where certificate received one year after litigation initiated relying in part on fact that the Copyright Office had lost the application). *See also J. Racenstein & Co., Inc. v. Wallace*, 1997 WL 605107 (S.D.N.Y. 1997) (denying motion to dismiss for lack of subject matter jurisdiction on the condition that the plaintiff secures a copyright registration and files an amended complaint within 7 months of the order); *Campbell v. Nowlin*, 1993 WL 205127 (S.D. N.Y. 1993) ("To dismiss the complaint and require refiling seems wasteful and pointless . . . Now that plaintiff has registered, there seems to be no good reason to bar plaintiff from proceeding on an amended complaint that reflects the fact of the prior registration."); *Frankel v. Stein and Day, Inc.*, 470 F. Supp. 209, 213 (S.D. N.Y. 1979) ("There is precedent for maintaining a copyright action even when registration is made after the filing of the complaint"), *aff'd*, 646 F.2d 560 (2d Cir. 1980).

Where, as here, an action is commenced without registration being effected, the defect can be cured by subsequent registration, and an appropriate amendment to the complaint may be made to provide the necessary basis for subject matter jurisdiction. *Demetriades v. Kaufmann*, 680 F.Supp. 661 (S.D.N.Y.1988); *Computer Assoc's Int'l v. Altai, Inc.*, 775 F.Supp. 554, 557 (E.D.N.Y.1991), *aff'd in relevant part*, 982 F.2d 693 (2d Cir.1992).

Accordingly, where SBBI properly secured a copyright registration for the previously dismissed claim less than two months after the filing of the original complaint, where SBBI had consistently communicated with an apologetic copyright office, had been informed by the copyright office that the registration would issue with an effective date of July 25, 2013, and where such copyright registration does indeed on its face state an effective date of July 25, 2013, HOM cannot argue that it did not have proper notice or would be prejudiced by an amended copyright infringement claim against it.

### E.     Fifth Cause of Action (Copyright Infringement) – Amended

In addition to the copyright registration (Reg. No. SR 749243) pleaded in the fourth cause of action of the Amended Complaint, SBBI has learned that since the initiation of this action, HOM has filed for and secured a copyright registration for the text of the work that is part of the cumulative text and video recordings registered under the SR 749243 copyright. This new registration that was filed and secured by HOM (Reg. No. TX 7907164) rightfully belongs to SBBI by virtue of the JV Dissolution Agreement which assigned all of HOM's rights and interests to the copyright for the claimed work to SBBI.

Thus, SBBI now seeks to add a claim for HOM's infringement of the TX 7907164 copyright which rightfully belongs to SBBI by virtue of HOM's assignment, and lists SBBI as a claimant on the registration. The acts of infringement alleged in this claim relate directly back to the acts complained of in the third claim for copyright infringement in the original complaint. Accordingly, HOM had notice of such acts and cannot claim to be prejudiced by the inclusion of this additional claim which SBBI seeks to newly include on the same legal basis as cited in subsection D *supra.*

F.   **Sixth Cause of Action (Defamation) – Supplemental Claim**

The Sixth Cause of Action for Defamation in the Amended Complaint arises out of HOM's conduct which, as pleaded in the Amended Complaint, occurred subsequent to the filing of this action.  HOM's new conduct which, as described in the Amended Complaint, constitutes defamation *per se,* relates directly to the facts and circumstances of this action insofar that HOM has made false and defamatory statements about SBBI's conduct with respect to this action, false and defamatory statements about SBBI's professionalism and quality of the SBBI Product at issue in this matter.

Accordingly, inclusion of this new supplemental claim should be granted as it relates directly back to the nexus of the facts in this matter as well that this action, versus a new separate action, would be the most appropriate forum for SBBI to seek justice in connection with this specific nexus of facts.

G.   **Seventh Cause of Action (Declaratory Judgment) – Supplemental Claim**

The Seventh Cause of Action for Declaratory Judgment in the Amended Complaint arises out of HOM's conduct which was not learned of until after the filing of the initial complaint. HOM's new conduct which, as described in the Amended Complaint, constitutes improper and fraudulent registration of certain copyrights with the U.S. Copyright Office, which copyrights should rightfully belong to SBBI by virtue of the JV Dissolution Agreement, relates directly to the facts and circumstances of this action which arise out of HOM's breach of the JV Dissolution Agreement.

Accordingly, inclusion of this new supplemental claim should be granted as it relates directly back to the nexus of the facts in this matter as well that this action, versus a new separate action, would be the most appropriate forum for SBBI to seek justice in connection with this

specific nexus of facts.

### H.     Eighth Cause of Action (Common Law Unfair Competition) – Not Amended

The Eighth Cause of Action for Common Law Unfair Competition in the Amended Complaint is identical to the original complaint's seventh cause of action which the Court upheld in its Memo and Order. Accordingly, inclusion of this claim should be granted as it has not changed from the originally included and upheld claim.[2]

### CONCLUSION

The proposed amendments to the complaint are being made in good faith and without any dilatory motive. Accordingly, the Court should grant SBBI's timely motion to file the Amended Complaint.

Dated:  New York, New York
        November 7, 2014

THOMPSON BUKHER LLP

By: _____
    Benjamin S. Thompson (BT2176)
    Tim Bukher (TB1984)
369 Lexington Avenue, Suite 327
New York, NY 10017
(212) 920-6050

*Attorneys for Plaintiff
and Counterclaim Defendants*

---

[2] Minor stylistic additions have been made to the original claim which do not substantively alter the claim and only serve to provide HOM with better notice of the facts against it will be required to defend.