UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SMALL BUSINESS BODYGUARD, INC.,

*Plaintiff/Counterclaim-Defendant,*

- against -

HOUSE OF MOXIE, INC.,

*Defendant/Counterclaim-Plaintiff,*

- against -

RACHEL RODGERS LAW OFFICE, PC
and RACHEL RODGERS,

*Counterclaim-Defendants.*

Civil Action No. 14 CV 7170 (CM) (MHD)

JOINT PROPOSED STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26, the parties stipulate through their respective attorneys of record in this Action, that the terms and conditions of this Protective Order shall govern the disclosure of trade secrets and other confidential or sensitive commercial or business information exchanged by the parties, or received from third parties in this Action.

IT IS HEREBY ORDERED as follows:

1.    PURPOSES AND LIMITATIONS

a.  This Order shall govern the production, use, and disclosure of confidential documents and information produced, used, or disclosed in connection with this Action, and designated in accordance with this Order.

b.  Disclosure of Protected Material (as defined below) is prohibited, except as expressly provided in this Order.

c.   The Parties (as defined below) acknowledge that this Order does not confer blanket protection on all disclosures during discovery or in the course of making initial or supplemental disclosures under Federal Rule of Civil Procedure 26(a). The Parties shall make designations under this Order with care and with the good faith belief that the designated material satisfies the criteria set forth below and *in conformance with the addendum governing Protective Orders entered in cases assigned to Judge McMahon, which is incorporated below in Sections 1e-g*. If a Producing Party discovers that designated material does not qualify for the level of protection initially asserted, it must promptly notify any Receiving Party (both defined below) that it is withdrawing or changing the designation.

d.   A party may designate information or documents produced, used, or disclosed in this Action as "CONFIDENTIAL" and subject to the protections and requirements of this Order. Such designation may occur in writing to the other parties, or orally, if recorded as part of a deposition or court proceeding, pursuant to the terms of this Order.

e.   The Parties understand that the Court's "so ordering" of this stipulation does not make the Court a party to the stipulation or imply that the Court agrees that documents designated as "CONFIDENTIAL" by the Parties are in fact confidential. It has been the Court's consistent experience that confidentiality stipulations are abused by Parties and that much material that is not truly confidential is designated as such. The Court does not intend to be a party to such practices. The Court operates under a presumption that the entire record should b e publicly available.

f.   The Court does not ordinarily file decisions under seal or redact material from them. If the Court issues a decision in this case that refers to "CONFIDENTIAL" material under this stipulation, the decision will not be published for ten days. The parties must, within that ten

day period, identify to the Court any portion of the decision that one or more of them believe should be redacted, provide the Court with the purportedly confidential material, and explain why that material is truly confidential. The Court will then determine whether the material is in fact genuinely deserving of confidential treatment. The Court will only redact portions of a publicly available decision if it concludes that the material discussed is in fact deserving of such treatment. The Court's decision in this regard is final.

g.  If this addendum is acceptable to the Parties, the Court will sign their proposed confidentiality stipulation subject to the addendum. If this addendum is not acceptable, the Court will not sign the stipulation, and should allegedly confidential information be produced, the parties will be referred to the magistrate judge for a document-by-document review and decision on whether that document should be subject to confidential treatment.

h.  By incorporating Sections 1e-g above in this document and affixing their signatures below, the Parties hereby agree to be bound by the terms of the Court's addendum to this Protective Order.

2.  <u>DEFINITIONS</u>

a.  "Protected Material" means all items or information, including from a third party, regardless of the medium or manner generated, stored, or maintained (including testimony, transcripts, or tangible things) that are produced, disclosed, or generated in connection with discovery or Federal Rule of Civil Procedure 26(a) disclosures in this Action that is designated as CONFIDENTIAL as provided in this Order. Protected Material shall not include:

advertising materials (actually published or publicly disseminated);

materials that on their face show that they have been published to the general public or are otherwise in the public domain;

information that, after disclosure to a Receiving Party, becomes part of the public domain

through publication not involving a violation of this Order or any violation of law;

information that a Receiving Party can show it received, whether before or after the

disclosure, from a source who obtained the information lawfully and under no obligation of

confidentiality to the Producing Party;

information that a Receiving Party can show it independently developed after the time of

disclosure by personnel who have not had access to the information designated by a Producing

Party under this Order; or

information that has been submitted to any governmental entity without request for

confidential treatment.

b.   "Party" means any party to this Action, including its officers, directors,

employees, consultants, and agents.

c.   "Producing Party" means any Party who discloses or produces Protected Material

in this Action.  A third party producing information or material voluntarily or pursuant to a

subpoena or a court order may designate such material or information in the same manner and

shall receive the same level of protection under this Order as any Party to this Action. A third

party's use of this Order for protection of its Protected Material does not entitle that third party to

gain access to Protected Material produced by any Party or any other third party in this Action.

d.   "Receiving Party" means any Party receiving Protected Material from a

Producing Party.

3.   SCOPE

a.   The protections conferred by this Order cover not only Protected Material, but

also any information copied or extracted therefrom, any copies, excerpts, summaries, or

compilations thereof, and any testimony, conversations, or presentations by a Party in court or in other settings that might involve disclosure of Protected Material.

b.   This Order is without prejudice to the right of any Party to seek additional protection for any Protected Material or to modify this Order in any way, including seeking an order that certain matter need not be produced at all.

4.   DURATION

After the termination of this litigation, unless the duration of the confidentiality obligation is set herein, the confidentiality obligations imposed by this Order shall remain in effect until a Producing Party agrees otherwise in writing or a Court order directs otherwise.

5.   ACCESS TO AND USE OF PROTECTED MATERIAL

a.   Basic Principles. All Protected Material may be used solely for this litigation and the preparation for and trial in this Action and any related appellate proceeding, and not for any other purpose whatsoever, including any other litigation, business or competitive purpose, or function. Protected Material may not be distributed, disclosed, or made available to anyone except as expressly provided in this Order.

b.   Legal Advice Based on Protected Material.  Nothing in this Protective Order prevents counsel from advising their clients regarding this Action based in whole or in part upon Protected Materials, provided that counsel does not disclose the Protected Material itself or its contents, unless such disclosure of Protected Material is in conformance with this Order.

c.   Limitations. Nothing in this Order precludes any Party from disclosing its Protected Material to any individual who prepared or previously received it. Nothing in this Order shall be construed to prejudice any Party's right to use any Protected Material in Court and in any filing with the consent of the Producing Party or by order of the Court. Nothing in this Order restricts in any way a Receiving Party's use or disclosure of its own Protected Material or

material:  (1) that is or has become publicly known through no fault of the Receiving Party; (2) that is lawfully acquired by or known to the Receiving Party independent of the Producing Party; (3) that the Producing Party previously produced, disclosed, or provided to the Receiving Party or a non-party without any obligation of confidentiality and not inadvertently or by mistake; (4) with the consent of the Producing Party; or (5) pursuant to order of the Court.

6.    DESIGNATING PROTECTED MATERIAL

a.    Available Designations.  Any Producing Party may designate Protected Material as CONFIDENTIAL as long as it meets the requirements for this designation. Protected Material that shall not be designated CONFIDENTIAL is identified in Paragraph 2(a) of this Order.

b.    Written Discovery and Documents and Tangible Things. Written discovery, documents, and tangible things that meet the requirements for the confidentiality designations listed in Paragraphs 7-8 below may be designated Protected Material by placing the term CONFIDENTIAL on or in association with the written material prior to production or disclosure. If original documents are provided for inspection, the original documents shall be presumed to be CONFIDENTIAL during the inspection and re-designated, as appropriate, during the copying process.

c.    Depositions and Testimony. Parties or testifying persons or entities may designate depositions and other testimony as CONFIDENTIAL under this Order by indicating on the record when the testimony is given or by sending written notice to the court reporter, counsel for the parties, and any other person who is in possession of the transcript that the testimony is so designated within fifteen days of receipt of the official transcript of the testimony. All information disclosed during a deposition shall be deemed CONFIDENTIAL until those fifteen days have passed. Any designated Protected Material used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition

testimony dealing with such Protected Material. In such cases, the court reporter shall be informed of this Order and be required to act consistently with this Order. If the deposition is videotaped, the video technician shall mark the original and all copies of the videotape to indicate that the contents of the videotape are subject to this Order.

7.    PROTECTED MATERIAL DESIGNATED AS CONFIDENTIAL

a.  A Producing Party may designate Protected Material as CONFIDENTIAL if it contains or reflects confidential, proprietary, or commercially sensitive information that is not generally available to or accessible by the general public. Examples of Protected Material that a Producing Party may designate as CONFIDENTIAL include personal or company or project financial information (including cash flow information), personnel, or customer information, whether embodied in physical objects, documents, or factual knowledge of persons.

b.  Protected Material designated as CONFIDENTIAL may be disclosed only to the following persons:

Three designated employees or representatives of each Party, who, prior to disclosure of any designated material, shall be identified to the other Parties and shall sign the acknowledgement form attached as Exhibit A;

The Receiving Party's outside counsel, their staff, and their litigation support personnel and businesses including consultants, copying vendors, data processing vendors, e-discovery vendors, and/or database service providers;

Any testifying expert or non-testifying consultant whom a Party retains to assist in this Action, provided that: (a) such person has signed the acknowledgement form attached as Exhibit A, agreeing to be bound by the terms of this Protective Order, and (b) no unresolved objections to such disclosure exist after proper notice has been given to all parties as set forth in Paragraph 9(b) below;

Any persons who: (a) appear on the face of the designated Protected Material as an author, addressee, or recipient thereof, or (b) are witnesses during a deposition, court hearing, or trial where specific documentary or testimonial evidence establishes that the designated Protected Material was authored, received by, or otherwise known to the witness;

Court reporters, stenographers, and videographers retained to record testimony taken in this Action;

The Court, jury, and court personnel involved in this Action;

Graphics, translation, design, or trial consulting services (including mock jurors) retained by a Party;

Any other person with the prior written consent of the Producing Party; and

Any mediator or settlement officer who is assigned to hear this matter, and his or her staff.

8.   <u>EXPERTS AND CONSULTANTS</u>

a.   Experts or consultants who receive Protected Material may not be a current officer, director, or employee of a Party or of the Producing Party, nor anticipate at the time of retention becoming an officer, director, or employee of a Party or of the Producing Party.

b.   Before disclosing any Protected Material to an outside expert or consultant, the Party seeking to disclose such information shall provide the Producing Party with written notice that includes: (i) the person's name; (ii) the person's present employer and title; (iii) the person's up-to-date curriculum vitae; (iv) a list of the cases in which the person has testified at deposition or trial and all companies with which the individual has consulted or by which the individual has been employed for the past five years; and (v) any previous or current relationship (personal or professional) with any of the Parties.

c.   Within seven days of receipt of the disclosure of the proposed outside expert or consultant, the Producing Party may object in writing to the proposed outside expert or consultant for good cause. If the Producing Party does not object by 6:00 pm Eastern time at the end of the seven-day period, the disclosed person shall be deemed approved under this Order. Protected Material may not be disclosed to any expert or consultant before this seven-day period expires, unless the Producing Party and the Receiving Party agree upon prior disclosure. If the Producing Party objects to disclosure to the expert or consultant, the Parties shall meet and confer to resolve the dispute informally. If the dispute is not resolved, the Party seeking to disclose the material may seek relief from the Court. If the Party seeking to disclose the material does not seek relief from the Court within ten days after the dispute cannot be resolved, the objection shall be deemed sustained.

d.   A Party may not use an objection under this sub-paragraph to interfere with a Party's trial preparations or Rule 26 disclosures.

e.   Before receiving Protected Material under this Order, the proposed outside expert or consultant shall execute a copy of the acknowledgement form attached as Exhibit A.

f.   Failure to object to an outside expert or consultant shall not preclude the non-objecting Party from later objecting to continued access by that outside expert or consultant for good cause. If a Party objects, the Parties shall meet and confer via telephone or in person within two business days following the objection and attempt in good faith to resolve the dispute informally. If the dispute is not resolved, the Party objecting to the disclosure will have three business days from the date of the meet and confer to seek relief from the Court.  The designated expert or consultant may continue to have access to information that was provided to such expert or consultant prior to the date of the objection.  If a later objection is made, no further Protected

Material shall be disclosed to the outside expert or consultant until the Court resolves the matter

or the Producing Party withdraws its objection.  Notwithstanding the foregoing, if the Producing

Party fails to move for a protective order within three business days after the meet and confer,

further Protected Material may thereafter be provided to the outside expert or consultant.

      9.    <u>CHALLENGING DESIGNATIONS OF PROTECTED MATERIAL</u>

      a.  A Party is not obligated to challenge the propriety of any designation of Protected

Material under this Order at the time the designation is made. Failure to do so shall not preclude

a subsequent challenge thereto.

      b.  Any challenge to a designation of Protected Material under this Order must be in

writing, served on outside counsel for the Producing Party, and specifically identify the

documents or information that the Receiving Party contends should be differently designated and

the grounds for the objection. Thereafter, further protection of such material shall be resolved in

accordance with the following procedures:

      c.  The objecting Party shall bear the burden of conferring in person, in writing, or by

telephone with the Producing Party claiming protection (as well as any other interested Party) in

a good faith effort to resolve the dispute. The designating Party shall bear the burden of

justifying the disputed designation;

      d.  Failing agreement, the objecting Party may move the Court for a ruling that the

Protected Material in question is improperly designated. The Parties' agreement to this Order

shall not preclude or prejudice any Party from arguing for or against any designation, establish

any presumption that a particular designation is valid, or alter the burden of proof that would

otherwise apply in a dispute over discovery or disclosure of information; and

      e.  Notwithstanding any challenge to a designation, the Protected Material in

question shall continue to be treated as designated under this Order until one of the following

occurs:  (a) the Party who designated the Protected Material in question withdraws the contested

designation in writing, or (b) the Court rules that the Protected Material in question is not entitled

to the designation.

10.     SUBPOENAS OR COURT ORDERS

If at any time any court, arbitral, administrative, or legislative body, subpoenas Protected

Material, the person to whom the subpoena or other request is directed shall immediately give

written notice thereof to the Producing Party and its counsel and shall provide each such Party

with an opportunity to move for a protective order regarding the production of Protected

Materials before any disclosure thereof by the recipient of the subpoena or court order. If a

Producing Party does not take steps to prevent disclosure of such documents within seven

business days of the date written notice is given, the party to whom the subpoena is directed may

produce the subpoenaed Protected Material.

11.     FILING PROTECTED MATERIAL

a.   The Parties anticipate, in rare circumstances, filing pleadings, motions, deposition

transcripts or other papers with the Court containing Protected Material. The Parties believe that

some of these papers will need to be filed under seal because no procedure other than filing

under seal will be sufficient to preserve the confidential and/or proprietary nature of the

Protected Materials.

b.   If any Protected Material is included with or the content thereof is in any way

disclosed in, any pleading, motion, deposition transcript, or other paper filed with the Court, such

document(s) shall be filed under seal pursuant to the following procedures:

c.   Pursuant to the ECF Case Filing Rules & Instructions documents may not be

placed under seal without leave of the Court. Documents ordered to be placed under seal will not

be filed electronically.

d.   The Parties will file a motion to file documents under seal and file sealed documents in conformance with ECF Case Filing Rule 6.2 and 6.3.

12.   INADVERTENT DISCLOSURE OF PRIVILEGED MATERIAL

a.   Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity, or other lawful privilege, doctrine, right, or immunity. If information subject to a claim of attorney-client privilege, work-product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or estoppel as to any such privilege, doctrine, right, or immunity and the protections of Federal Rule of Evidence 502(b) and the Federal Rules of Civil Procedure.

b.   Any Producing Party that inadvertently produces Protected Materials it believes are protected by the attorney-client privilege, work-product immunity, or other privilege, doctrine, right, or immunity may obtain the return or request destruction of those Protected Materials by promptly notifying the Receiving Party upon learning of the inadvertent production.

c.   Upon receiving notification under paragraph (b) above, the Receiving Party shall gather and return to the Producing Party (or destroy, as appropriate) all copies of the Protected Material identified as inadvertently produced, except return will not be required for any pages containing privileged markings by the Receiving Party, which may have the privileged marking redacted or, at the Receiving Party's option, be destroyed and certified as such by the Receiving Party to the Producing Party. Nothing in this Order shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work-product immunity or other applicable privilege or immunity designation (based on information independent of the content

of the purportedly privileged materials) by submitting a written challenge to the Court.

Notwithstanding this provision, outside litigation counsel of record are not required to delete

information that may reside on their respective firm's electronic back-up systems or a vendor's

systems that are over-written in the normal course of business.

13.   INADVERTENT FAILURE TO DESIGNATE

a.   A Producing Party's inadvertent failure to designate Protected Material as

Protected Material under this Order shall not waive its rights to subsequently make an

appropriate designation, provided that the Producing Party notifies the Receiving Party of the

correct designation within ten days of learning of its inadvertent failure to so designate.

b.   Subject to the provisions in Paragraph 12(c), a Receiving Party's use of such

Protected Material before receiving notice of the inadvertent failure to designate shall not

constitute a violation of this Order. Upon receiving such notice, the Receiving Party shall treat

such Protected Material according to its designation under this Order. In the event the document

has been distributed in a manner inconsistent with this designation, a Receiving Party will take

the steps necessary to conform distribution to the designation, i.e., returning all copies in its

possession of the CONFIDENTIAL material or notes or extracts thereof, to the persons

authorized to possess such documents. If the CONFIDENTIAL material has been distributed to a

person not under the control of a Receiving Party, a request for return of the document, and for

an undertaking of confidentiality, shall be made in writing. If the request is not promptly agreed

to in writing, or there is no response, or the Party deems the making of the request to be a futile

act, the Party shall promptly notify the Producing Party of the distribution and all pertinent facts

concerning it, including the identity of the person or entity not under the control of the Receiving

Party.

13.   INADVERTENT DISCLOSURE NOT AUTHORIZED BY ORDER

a.   If Protected Material is disclosed to any person not authorized to receive it under this Order, the Party responsible for such disclosure shall immediately notify counsel for the Producing Party of all known, relevant information concerning the nature and circumstances of the unauthorized disclosure. The responsible disclosing Party shall promptly take all reasonable measures to retrieve the improperly disclosed Protected Material and to ensure that no further unauthorized disclosure or use is made of the material.

b.   Unauthorized or inadvertent disclosure does not change the status of Protected Material or waive the Producing Party's right to claim that the disclosed document or information still constitutes Protected Material.

14.   FINAL DISPOSITION

a.   Within sixty days after the final disposition of this Action including all appeals therefrom, each Party and all third parties who obtained access to confidential information under this Order shall return all Protected Material of a Producing Party to the respective outside counsel of the Producing Party or destroy it, at the option of the Receiving Party.

b.   Within sixty days after the final disposition of this litigation (including after any appeals), all Parties and third parties who have received any such Protected Material shall certify in writing that all such materials have been returned to the respective outside counsel of the Producing Party or destroyed. Notwithstanding the provisions for return of Protected Material, outside counsel may retain pleadings, correspondence, and expert, attorney, and consultant work product (but not production documents of the other Party) subject to the CONFIDENTIAL designations for archival purposes. Outside counsel are not required to delete information that may reside on their respective firm's electronic back-up systems or vendor systems that are over-written in the normal course of business.

15.    TREATMENT OF PARTY OR THIRD-PARTY'S OWN INFORMATION OR
ANALYSES OF OWN INFORMATION

Nothing in this Order shall restrict a Party with respect to the treatment and handling of its own information or of any derivatives, abstracts, briefs, memoranda, reports, analyses, summaries, characterizations or testimony that refer to a Party's own information. For example, nothing herein shall restrict a Party from having access to designated materials that it produced in discovery or from having access to portions of any derivatives, abstracts, briefs, memoranda, reports, analyses, summaries, characterizations, or testimony that refer to the designated materials that the Party has produced in discovery. A Party shall be permitted to have access to portions of any expert reports, testimony or court filings that address the Party's own designated materials. Similarly, nothing herein shall restrict a Party from sharing with a third-party information that appears to be from or belong to that third-party or any derivatives, abstracts, briefs, memoranda, reports, analyses, summaries, characterizations or testimony that refer to that third-party's information.

16.    MISCELLANEOUS PROVISIONS

a.    Retention of Declarations. The attorneys of record for the Receiving Party shall retain the original, executed acknowledgements (in the form of Exhibit A) that have been executed by that Party's employees, consultants, and testifying experts;

b.    Right to Further Relief. Nothing in this Order abridges any person's right to seek its modification by the Court in the future. By stipulating to this Order, the Parties do not waive their right to argue that certain material may require additional or different confidentiality protections than those set forth herein.

c.    Documents In Prior Possession of Party. The confidentiality obligations of this Order shall not prohibit any Party's use of any information or documents that were currently in

the Party's lawful possession, custody or control without any obligations of confidentiality under this Order when the information or documents were produced to the Receiving Party or later came into the Receiving Party's possession from others who lawfully possessed such information or documents and who are not parties to the lawsuit or bound by this Order.

> d.   <u>Termination of Litigation and Retention of Jurisdiction</u>. The Parties agree that the terms of this Protective Order shall survive and remain in effect after the termination of this Action. The Court shall retain jurisdiction after termination of this matter to hear and resolve any disputes arising out of or relating to compliance with this Order.

> e.   <u>Obligation to Produce Protected Materials Subject To Law, Rule, or Regulation</u>. The confidentiality obligations of this Order shall not prohibit the disclosure by a Receiving Party of any information or documents that are required to be disclosed by any law, regulation, order or rule of any governmental authority; provided, however, that if a Receiving Party is required to disclose Protected Material that a Producing Party designated as CONFIDENTIAL pursuant to any law, regulation, order or rule of any governmental authority, the Receiving Party shall give immediate advance notice, to the extent possible, of any such required disclosure in writing to counsel for the Producing Party to afford the Producing Party the opportunity to seek legal protection from the disclosure of such information or documents.

> f.   <u>Violation of Protective Order</u>.  If anyone violates or threatens to violate the terms of this Order, the parties agree that the aggrieved Party may apply immediately to obtain injunctive relief against any such violation or threatened violation and, if the aggrieved Party does so, the respondent, subject to the provisions of this Order, shall not employ as a defense thereto any claim that the aggrieved Party possesses an adequate remedy at law.

      g.  <u>Successors</u>. This Order shall be binding upon the Parties, their attorneys, and their successors, executors, personal representatives, administrators, legal representatives, assigns, subsidiaries, divisions, employees, agents, retained consultants and experts, and any persons or organizations over which they have direct control.

      h.  <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item. Similarly, no Party waives any objection to the use in evidence of any of the material covered by this Order.

      i.  <u>Copies of Protected Material</u>. Except where otherwise specified, nothing in this Order shall restrict a qualified recipient from making working copies, abstracts, digests, and analyses of Protected Material for use in connection with this Action, and such working copies, abstracts, digests, and analyses shall have the same protection as the original material under the terms of this Order. Further, except where otherwise specified, nothing in this Order shall restrict a qualified recipient from converting or translating Protected Material into machine-readable form for incorporation into a data retrieval system used in connection with this Action, provided that access to such information, whatever form stored or reproduced, shall be limited to qualified recipients under the terms of this Order.

      j.  <u>Modification by Court</u>. This Order is subject to further court order based upon public policy or other considerations, and the Court may modify this Order *sua sponte* in the interests of justice.

      k.  <u>Jurisdiction</u>. Each person receiving Protective Material under the terms of this Order hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with, or violation of this Order.

l.  No Admissions. Compliance with this Order in no way constitutes an admission by any Party that any information designated pursuant to this Order is or is not proprietary, confidential, or a trade secret.

m.  Waiver of Notice. Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the attorney of record for the Party against whom the waiver will be effective.

n.  Non-Disclosure Agreement. The parties agree to cooperate with each other in good faith with respect to discovery of information and materials covered by a non-disclosure agreement. For purposes of this Order, a "non-disclosure agreement" is an agreement with a third party under which a Party is contractually bound not to disclose information or materials. A Party against whom discovery is sought shall promptly provide notice to the requesting party of the existence of a non-disclosure agreement preventing disclosure of requested information or materials. The Party against whom discovery is sought shall have five business days from the receipt of such notice to obtain the third party's consent to disclosure of the requested information or materials. The parties shall consult in good faith within five business days in an effort to explore the possibility of resolving any dispute concerning the requested information or materials. If the Requesting Party does not receive notice within the five-business-day period that consent to disclosure has been obtained, the Requesting Party may move the Court for an order to compel disclosure of the requested information or materials.

o.  Privilege Log. Protected Material that the Producing Party considers to be privileged, or subject to the work-product immunity doctrine or some other applicable immunity or privilege under the Federal Rules or is not otherwise discoverable, that is dated after the filing date of this litigation, is not required to be listed on a privilege log provided by the Producing

Party to the Requesting Party with the exception of any documents exempt from this date restriction under the parties' submitted Joint Case Management Plan or by another Court order.

      p.  <u>Immediate Effect</u>. The Parties agree to abide by and be bound by the terms of this Order immediately upon submission to the Court for approval, notwithstanding the pendency of approval by the Court. If approval by the Court is ultimately withheld or made conditional, no Party shall treat any designated Protected Material produced prior to that time other than as provided in this Protective Order without giving the Producing Party sufficient advance notice to allow for application to the Court for additional relief.

THE FOLLOWING ADDENDUM IS DEEMED INCORPORATED INTO THE
PARTIES'STIPULATION AND CONFIDENTIALITY ORDER

The parties understand that the Court's "so ordering" of this stipulation does not make the
Court a party to the stipulation or imply that the Court agrees that documents designated as
"Confidential" by the parties are in fact confidential.

It has been this Court's consistent experience that confidentiality stipulations are abused
by parties and that much material that is not truly confidential is designated as such. The Court
does not intend to be a party to such practices. The Court operates under a presumption that the
entire record should be publicly available.

The Court does not ordinarily file decisions under seal or redact material from them.
If the Court issues a decision in this case that refers to "confidential" material under this
stipulation, the decision will not be published for ten days. The parties must, within that ten day
period, identify to the court any portion of the decision that one or more of them believe should
be redacted, provide the court with the purportedly confidential material, and explain why that
material is truly confidential. The Court will then determine whether the material is in fact
genuinely deserving of confidential treatment. The Court will only redact portions of a publicly-
available decision if it concludes that the material discussed is in fact deserving of such
treatment. The Court's decision in this regard is final.

If this addendum is acceptable to the parties, the court will sign their proposed
confidentiality stipulation, subject to the addendum. If this addendum is not acceptable, the court
will not sign the stipulation, and should allegedly confidential material be produced, the parties
will be referred to the magistrate judge for a document by document review and decision on
whether that document should be subject to confidential treatment.

SO STIPULATED AND AGREED:

Dated:  October 21, 2014                    Respectfully submitted,


Plaintiff Small Business Bodyguard, Inc.    Defendant House of Moxie, Inc.

_____ */s/ Benjamin S. Thompson*          _____ */s/ Kandis M. Koustenis*
Benjamin S. Thompson                        Kandis M. Koustenis
Tim Bukher                                  Antigone G. Peyton (*pro hac vice* filed)
THOMPSON BUKHER LLP                         CLOUDIGY LAW PLLC
369 Lexington Avenue                        1800 Diagonal Rd., Suite 600
Suite 327                                   Alexandria, VA 223148300 Greensboro Drive,
New York, NY 10017                          Suite 1250
Email: bthompson@thomplegal.com             McLean, VA 22102
Email: tbukher@thomplegal.com               Phone: (703) 436-2033
                                            Fax: (703) 436-2268
*Counsel for Small Business Bodyguard,*     Email: Kandis.Koustenis@cloudigylaw.com
*Inc.*                                      Email: Antigone.Peyton@cloudigylaw.com

                                            Norris Wolff
                                            KLEINBERG, KAPLAN, WOLFF, COHEN
                                            551 Fifth Avenue
                                            New York, NY 10176
                                            Tel: (212) 880-9860
                                            Fax: (212) 986-8866
                                            Email: nwolff@kkwc.com

                                            *Counsel for Defendant House of Moxie, Inc.*


SO ORDERED.

Date: _____


                                    _____
                                    Hon. Colleen McMahon
                                    United States District Judge

EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SMALL BUSINESS BODYGUARD, INC.,

*Plaintiff/Counterclaim-Defendant,*

- against -                                            Civil Action No. 14 CV 7170 (CM) (MHD)

HOUSE OF MOXIE, INC.,

*Defendant/Counterclaim-Plaintiff,*

- against -

RACHEL RODGERS LAW OFFICE, PC
and RACHEL RODGERS,

*Counterclaim-Defendants.*

UNDERTAKING OF [NAME]

_____ declares that:

    I reside at _____ in the City of _____, County of

_____, State/Commonwealth of _____, Country of

_____;

    I have read and understand the Stipulated Protective Order dated _____

and of record in Civil Action No. 14-cv-7170 (CM) (MHD) pending in the United States District

Court for the Southern District of New York;

    I agree to comply with and be bound by the provision of said Order, and I understand the

provisions prohibiting the disclosure of confidential information for any purpose or in any

manner not connected with the prosecution or defense of this case. I further understand that

should I fail to comply with the provisions of this Order, I can be held in contempt of Court and sanctioned by the Court for my noncompliance;

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order against me in this Action.


Dated: _____          By:_____