Case 1:14-cv-07170-CM Document 70 Filed 03/19/15 Page 1 of 3

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

SMALL BUSINESS BODYGUARD, INC.,

                        Plaintiff,

            -against-                                              14 Civ. 7170 (CM)

HOUSE OF MOXIE, INC., et al.,

                        Defendants.

---------------------------------------------------------------x
```

**USDC SDNY**
**DOCUMENT**
**ELECTRONICALLY FILED**
**DOC #:** _____
**DATE FILED:** 3/19/15

### ORDER DENYING MOTION FOR RECONSIDERATION AND REQUESTING RESPONSE ON THE BELATEDLY-RAISED ISSUE OF WHETHER THE TEMPORARY RESTRAINING ORDER SHOULD BE BONDED

McMahon, J.:

      Defendant House of Moxie has moved by letter (which is inappropriate) for reconsideration of the court's imposition of a temporary restraining order directing that it not proceeding with the Sentences & Money copywriter mentorship class website pending a March 30, 2015 hearing on plaintiff's motion for a preliminary injunction.

      Rather than impose a TRO ex parte, the court insisted on a holding a hearing. At that hearing, counsel for HOM was given every opportunity to make whatever presentation she wished; I do not recall telling Ms. Peyton that she could not continue or address any subject. In addition to Ms. Peyton, who was speaking over the telephone, two lawyers representing HOM were present in the courtroom at counsel table; they remained silent throughout the proceedings.

      At no time did HOM offer the court any of the information that it includes in its letter. It did not reveal that it would suffer any monetary damages as a result of the imposition of the TRO, let alone advise the court that those damages would total $93,000 or more. Counsel did not even ask that a bond be posted, as is frequently the case when a TRO issues.

      The court did not fail to apply the proper standards in imposing the TRO. I specifically found, and I reiterate, that SBBI has satisfied the standards for obtaining emergency relief. It is likely to succeed on the merits of its claim that HOM's participation in a business that sells e-books and other works of authorship containing "legal advice" violates Section 11.1 of the Joint

Venture Dissolution Agreement. After reviewing the (admittedly incomplete) record so far before me and considering the issue of contract construction that is supposed to be briefed by noon today, I am more convinced now (subject to seeing HOM's brief on the narrow issue of contract construction) than I was immediately after the hearing, that SBBI is likely to succeed on the merits of its claim that HOM's new business venture violates the literal language of the Joint Venture Dissolution Agreement. In a case where a sale of a business and its goodwill are involved, irreparable injury for competition by a former business partner in violation of a contractual provision is easily satisfied. *National Elevator Cab & Door Corp. v. H& B, Inc.*, 2008 WL 207843, at *5 (E.D.N.Y. Jan. 24, 2008), *aff'd and remanded*, 282 Fed. App'x 885 (2d Cir. 2008). At this point in time, the balance of hardship tips decidedly in favor of plaintiff. HOM's new business venture on its face undercuts the value of the license that was granted to HOM in the Joint Venture Dissolution Agreement, because HOM has no incentive to sell SBBI's licensed product rather than its competing new product, in which SBBI has no interest. Furthermore, the equities do not lie with HOM, which has begun its new business venture during the pendency of litigation over the parties' responsibilities to one another under the Joint Venture Dissolution Agreement. And there is absolutely no public interest factor to be vindicated in this purely private dispute.

Therefore, a TRO pending a full hearing on the motion for a preliminary injunction – which hearing was properly scheduled for 13 days after the TRO hearing, or March 30 – is entirely appropriate. The motion for reconsideration is denied.

HOM's counsel is correct about one thing: I am remiss in not having prepared an order to this effect immediately after the hearing, since I spoke in shorthand from the bench. I had intended to do so but other business intervened. This is the written order I should have entered yesterday.

That leaves the issue of whether the TRO should be bonded. I have little knowledge about e-businesses, and so had no way of knowing whether a bond would be appropriate without being so advised by HOM's counsel. HOM now, belatedly, and by letter (again inappropriate, but I will not stand on ceremony in these exigent circumstances) seeks a bond to cover its potential losses. SBBI must respond to HOM's "motion" by 4 PM today, addressing ONLY the issue of the appropriateness of the bond. PLEASE FAX YOUR RESPONSE TO 212-805-6326 as well as filing it on ECF, so it will receive immediate attention.

Meanwhile, I assume I will be receiving briefs by noon today on the issue of whether "legal advice" can be construed by the court or requires a hearing. I almost certainly will file something on that discrete issue tomorrow.

I will not consider any motion to disqualify before the preliminary injunction hearing. However, the reason the issue was raised (in the first instance, by the court, not by SBBI) was that it appeared that Attorney Antigone Peyton from the Cloudigy firm might be a material

witness in the case. That is an issue for another day; it is not something that would have any effect on an emergency hearing not involving a jury. So drop it for now.

Dated: March 19, 2015

                                                                                          U.S.D.J.

BY ECF TO ALL COUNSEL